UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ABREU GONZALO and DIVARIS  
MIGUELINA MENDEZ,

                      Plaintiffs,

- against -

RICO POLLO #2 RESTAURANT CORP.,  
and JUAN F. PUNTIEL,

                      Defendants.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-cv-6258 (BMC)

**COGAN**, District Judge.

The primary question before me in this Fair Labor Standards Act and New York Labor Law case is whether I should rule on defendants' motion to dismiss before I rule on their alternative motion to stay the case pending arbitration. Defendants cannot have it both ways; since the case is arbitrable – as even plaintiffs agree – it will be stayed pending arbitration.

## BACKGROUND

Assuming the allegations in the amended complaint to be true, plaintiffs were dishwashers and delivery drivers working for defendant restaurant. Defendant Puntiel is the owner or manager of the restaurant, responsible for setting hours and paying employees. Plaintiff Gonzalo worked there from June 2014 through September 4, 2022. Plaintiff Mendez worked there from August 10, 2018 through December 2, 2020.

Both plaintiffs allege that they were not paid minimum wages and overtime wages as required under the FLSA and the New York Labor Law, and that defendant restaurant failed to

give them any wage notices or wage statements as required by NYLL §§ 195(1) and (2). The amended complaint is very barebones except that it alleges how many days per week and hours per day each plaintiff worked in each year of their employment, and it annexes spreadsheets alleging how many hours they worked every week they were employed by defendants, including hours-over-forty for each respective workweek, their hourly wage for each hour worked, and the balance of minimum wages and overtime that are owed for each workweek. For each week listed in the spreadsheet, the hours of work are the same, but they vary from year to year.

Relying on Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013), and Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013), defendants contend that plaintiffs have failed to allege unpaid overtime in a "given" workweek, and have instead broadly alleged that their schedules were always the same, so they were owed the same amount of overtime every week, which DeJesus and Lundy deem inadequate. Defendants therefore seek to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff responds that this is not the kind of boilerplate pleading that the Second Circuit criticized in Dejesus and Lundy because, although the hours stayed the same throughout any given year, they changed from year to year.

In addition, defendants contend that the majority of federal district courts in New York have held that employees lack Article III standing to bring claims for employers' failure to provide wage notices and wage statements under the New York Labor Law. See Deng v. Frequency Electronics, Inc., 640 F. Supp. 3d 255, 265-66 (E.D.N.Y. 2022). That is because the NYLL only provides for statutory damages, and plaintiffs suing under those statutes typically cannot show any constitutional injury from their violations. Plaintiffs concede that the "trend" among district courts is to dismiss these claims for lack of standing.

2

However, defendants have also sought to invoke, alternatively, the broad arbitration clause in the employment agreement between the parties. Plaintiffs agree that the arbitration clause applies to their claims. Indeed, for that reason, they assert, the Court should not dismiss their wage notice and wage statement claims, but should allow plaintiffs to assert them before the arbitrator.

## DISCUSSION

One might think that, because both sides agree that arbitration is appropriate, there would be little for this Court to do. Although defendants ask that, if I reach their motion to compel arbitration, I dismiss the case on that basis, it is well settled in the Second Circuit that when a matter brought before the Court is subject to an arbitration clause, the case should ordinarily be stayed pending the arbitration, not dismissed, in case further relief is needed from the Court. See Katz v. Cellco Partnership, 794 F.3d 341, 345-46 (2d Cir. 2015). Here, however, each side has a different "ask" before that happens.

Defendants want me to "prune" plaintiffs' amended complaint before the parties commence arbitration by ruling on defendants' pending motion to dismiss. In fact, "prune" is insufficiently encompassing, as defendants want me to dismiss the entire amended complaint on the grounds they have stated, leaving plaintiffs with no claims to bring in arbitration.

I reject this argument because it was defendants who first invoked the arbitration clause – which they could have waived, and I would have simply ruled on their motion to dismiss. That ruling might well have had *res judicata* effect as to plaintiffs' wage claims. See Teltronics Servs. Inc. v. L M Ericsson Telecommunications, Inc., 642 F.2d 31, 35 (2d Cir. 1983). The threshold question before me, then, is where plaintiff's claims should be heard. Since both

parties agree that the arbitration clause applies, and there is no ground for finding a waiver, that is where plaintiffs' claims should proceed.

This is illustrated by the fact that, while I would have to apply Fed. R. Civ. P. 8(a) to determine whether plaintiffs have stated a claim, the arbitrator would not. The parties' agreement calls for arbitration before the American Arbitration Association, and its Rule 4(b)(i)(1) ("initiating party must file a demand setting forth . . . a brief statement of the nature of the dispute; the amount in controversy, if any [and] the remedy sought"). Thus, it is up to the arbitrator, under the more liberal standards for bringing a claim in arbitration, to determine whether plaintiff has adequately initiated the process. Similarly, although this Court is likely prohibited from hearing plaintiffs' wage notice and wage statement claims under Article III, the arbitrator is not. Indeed, as to those, even a dismissal would leave plaintiff free to pursue the claims before an arbitrator, as the dismissal would only be for lack of subject matter jurisdiction, see St. Pierre v. Dyer, 208 F.3d 394, 401 (2d Cir. 2000), or, but for the arbitration clause, in state court.

Plaintiffs qualify their concession to arbitrate with a request that I enter an order making it clear that they won't have to pay the arbitrators' fees. Ironically, plaintiffs acknowledge that under their arbitration clause with defendants, the AAA Rules apply, and Rule 44 unambiguously requires defendants to pay the arbitrator's fees:

> The company shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses, and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

4

The reason plaintiffs are concerned, however, is that there is another provision in the arbitration clause stating: "The cost of the arbitration will be paid between the Company and the employee respectively."

I agree with plaintiff that there is theoretical ambiguity between the very explicit provisions in the incorporated AAA rules and the rather vague statement in the arbitration clause, e.g., what is "the cost of the arbitration," and what does it mean for it to be "paid between the Company and the employee respectively."  But because of the power discrepancy between employers and wage earners, it is also fairly standard for employers, not employees, to pay the arbitrator's fees, as the AAA rules expressly provide, especially in cases involving laborers claiming a failure to pay minimum wage and overtime.  Although I recognize my power to sever that ambiguous sentence from the arbitration clause, it seems unlikely that an arbitrator would saddle plaintiffs with prohibitive fees (certainly not more than plaintiffs' attorney could afford to advance as costs), and I am disinclined to enter orders that are idle gestures.  If I am wrong about this, plaintiffs can renew their request in connection with any motion to enforce or vacate an arbitral award, a procedure that has been used in other cases.  See Reyes v. Gracefully, Inc., No. 17-cv-9328, 2018 WL 2209486, at *8 (S.D.N.Y. May 11, 2018).

## CONCLUSION

Defendants' motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) is denied without prejudice to renewal depending upon subsequent events in the arbitration. Their motion to dismiss based on the arbitration clause is denied, provided, however, that this case shall be stayed pending arbitration.  The stay will be implemented by marking this case as administratively closed, subject to reopening upon application of any party within 60 days of a

final arbitral award. Plaintiffs must commence arbitration within 60 days of entry of this decision, failing which the case may be dismissed.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
December 8, 2023